TILTON-PHELPS FURNITURE COMPANY, APPELLEE, V. VERNE
J. WIANT ET AL., APPELLANTS.

FILED MARCH 26, 1912.   No. 16,601.

Evidence examined, and *held* to sustain the judgment of the lower
court, which is affirmed.

APPEAL from the district court for Franklin county:
HARRY S. DUNGAN, JUDGE.  *Affirmed.*

*H. W. Short,* for appellants.

*W. C. Dorsey, contra.*

HAMER, J.

This is an appeal from the judgment of the district
court for Franklin county by Fred G. Hutchins.

The plaintiff, the Tilton-Phelps Furniture Company,
filed its petition in the district court for Franklin
county against Verne J. Wiant, L. H. McClung and Fred
G. Hutchins.  The petition alleged that they were co-
partners engaged in the business of selling furniture in
the city of Franklin, Nebraska, under the firm name and
style of V. J. Wiant & Company, and that on the 2d day
of July, 1907, they purchased from the plaintiff goods,
wares and merchandise of the reasonable market value of.
$78.27, which were delivered to them, and for which
amount the plaintiff prayed judgment, .with interest.
Hutchins filed a separate answer consisting of a general
denial.  Wiant answered for himself.  He set up a general
denial, and also pleaded that he was a minor under the
age of 21 years, and that the goods alleged to have been
sold never came into his possession or control, and that
he never received any money or profit by reason of the
purchase and disposal of the goods, and he alleged his
minority as a defense to plaintiff's cause of action.  The
defendant McClung filed no answer, and was defaulted.
At the trial the jury rendered a verdict against the de-

fendants McClung and Hutchins for $82.30. The verdict is silent as to the defendant Wiant. Hutchins filed a motion for a new trial. The motion was overruled, and he appealed to this court.

It is contended by Hutchins that the evidence fails to show that the plaintiff shipped and delivered the goods. The defendant Wiant testified that Hutchins telephoned him to go up to Franklin and buy the McClung stock of goods, and that he went up and bought the goods and paid $12 to bind the bargain; that afterwards Hutchins called him up and told him that he wanted the furniture store at Franklin run in his name, the name of V. J. Wiant; that under that arrangement McClung was to run the store and deposit the funds taken in for the sale of goods at the Franklin State Bank, at Franklin, and that all bills were to be checked out of the said deposit; that afterwards the original plan of running the business in the name of V. J. Wiant was changed, and that Hutchins told him that he (Hutchins) and McClung and Wiant should form a partnership, and that the store should be run in the name of V. J. Wiant & Company; that McClung was to receive one-third of the profits for his pay, and that the buying should be done by Hutchins from the wholesale houses, and that the goods should be shipped in the name of V. J. Wiant & Company to Franklin, Nebraska; that Hutchins should pay for the goods, and that the company should reimburse Hutchins out of the company funds; that Hutchins was to receive one-third of the profits and Wiant one-third of the profits, and that a bank account should be started in the name of V. J. Wiant & Company at the Franklin State Bank, and that all money received from the sale of goods should be deposited in said bank account; that McClung was to retain one-third interest in the stock, and that two-thirds of the purchase price was to be paid to McClung for the stock of goods on hand. He also testified to McClung and Hutchins being in the store at Franklin, and that McClung was selling and receiving goods, and the business was being conducted in

the name of V. J. Wiant & Company. The testimony clearly shows that McClung and Hutchins were both engaged in the business. The bills of goods were made out to V. J. Wiant & Company. The testimony of Earl A. Lee seems to corroborate the testimony of V. J. Wiant. He testified that the goods were actually shipped on the date shown by the bill of lading over the Burlington railroad, and that the goods have never been returned. The evidence is sufficient that the goods were sold and delivered. Wiant testified concerning his minority, and that he had received no benefit from the business. The jury probably left his name out of the verdict because of his testimony touching these matters.

A careful examination of the evidence clearly shows that the defendants were liable, and the judgment of the district court is

AFFIRMED.